FILED

SEP 0 9 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1 :26 CR 00404 |
| | ) | Title 26, United States Code, |
| GLEN L. ZUCKER, | ) | Section 7202 |
| | ) | |
| Defendant. | ) | JUDGE GAUGHAN |

GENERAL ALLEGATIONS

At all times relevant to this Information, except where otherwise noted:

A. Defendant and Related Entities

1. Defendant GLEN L. ZUCKER resided in or around New Washington, Ohio, in the Northern District of Ohio, Eastern Division. Since in or around 2016, Defendant was the sole owner and operator of OneIT, an IT consulting company that employed between 8 and 16 employees at various times. OneIT was registered with the Internal Revenue Service ("IRS") as a C corporation.

B. International Revenue Service Laws and Obligations

2. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

3. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers such as OneIT were required to withhold amounts from their employees' gross pay, including Federal Insurance Contribution Act ("FICA") taxes, which represented Social Security

and Medicare taxes, and federal income taxes. These taxes were called "trust fund taxes" because employers held the withheld amounts in trust until paid over to the United States. Employers were required to remit the withheld trust fund amounts to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

4. In addition to the trust fund taxes that had to be withheld from pay, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter.

5. Collectively, these five components required to be remitted quarterly were commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security, and Medicare taxes) and the matching amounts contributed by the employer.

6. Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth, among other things, the wages and other compensation paid to employees, and the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

7. A person was responsible for collecting, accounting for, and paying over trust fund taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

C. <u>OneIT Failed to Account For and Pay Over Trust Fund Taxes</u>

8. Defendant, as OneIT's sole owner and President, was ultimately responsible for, among other functions, managing the finances, including the payroll records and payroll bank

account; determining wages; preparing payroll checks; preparing and filing employment tax returns; and paying employment taxes. Defendant exercised ultimate control over OneIT's financial affairs. Accordingly, Defendant was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for OneIT's employees.

9. As indicated on employee pay stubs, Defendant withheld trust fund taxes for OneIT's employees from the first quarter of 2019 through the fourth quarter of 2023.

10. Defendant did not file, or cause to be filed, Forms 941 truthfully accounting for the employment taxes for OneIT's employees from the first quarter of 2019 through the fourth quarter of 2023.

11. Defendant did not pay over, or cause to be paid over, employment taxes to the IRS for OneIT's employees from the first quarter of 2019 through the fourth quarter of 2023.

12. Defendant failed to truthfully account for and pay over approximately $1,349,271.49 in trust fund taxes due and owing from the first quarter of 2019 through the fourth quarter of 2023. Defendant also willfully failed to truthfully account for and pay over approximately the following additional amounts of taxes that were due and owing to the IRS: $478,700.61 in FICA excise taxes (the employer's share) from the first quarter of 2019 through the fourth quarter of 2023; $606,176.36 in trust fund taxes and employer match taxes due and owing from the first quarter of 2016 through the fourth quarter of 2018; and $513,604.53 in trust fund taxes and FICA excise taxes due and owing from the first quarter of 2024 through the third quarter of 2025.

COUNT 1

(Failure to Account for and Pay Over Trust Fund Taxes, 26 U.S.C. § 7202)

The United States Attorney charges:

13. The factual allegations contained in paragraphs 1 through 12 are re-alleged and incorporated as though fully set forth herein.

14. On or about October 31, 2020, for the calendar quarter ending on September 30, 2020, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant GLEN L. ZUCKER, who was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of OneIT, the trust fund taxes imposed on its employees by the Internal Revenue Code, did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of OneIT's employees, in the approximate amount of $72,055.13, in violation of Title 26, United States Code, Section 7202.

DAVID M. TOEPFER
United States Attorney

By: Elliot Morrison
Elliot Morrison
Chief, White Collar Crimes Unit